UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BORNSTEIN SEAFOODS, INC.,

Plaintiff,

v.

OLEG BILODID, et al.,

Defendants.

C16-1465 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Plaintiff's motion for default judgment, docket no. 13, is DENIED.

        (a)     Oleg Bilodid:  Plaintiff has not demonstrated that default judgment should be entered against defendant Oleg Bilodid in his individual capacity. Every invoice submitted with plaintiff's motion was billed to Alaska Trading Ltd and listed either Alaska Trading Ltd or Ukrkharchprodservice Ltd as the entity to which the product at issue was shipped.  Plaintiff has made no allegation in its complaint or in its motion papers that would justify piercing the corporate veil. The only document that might suggest Oleg Bilodid was personally responsible for the sums plaintiff claims are due is an email from pacificafish@gmail.com declaring "[t]he rest is my debt."  Ex. B to Bornstein Decl. (docket no. 14-1 at 36). Given the context in which this statement was made, *i.e.*, immediately after discussing the amount owed by another company, the Court cannot infer that the author of the email, even assuming it was Bilodid, meant "my personal debt," as opposed to "my company's debt."

        (b)     Alyaska LDD OOO:[1]  In support of its motion, plaintiff has submitted various sales invoices, "proforma" invoices, and bills of lading, which

_____

[1] The caption of the complaint identifies as a defendant "Alyaska *LDD* OOO d/b/a Alaska Trade, Ltd.," but the body of the complaint indicates that "Bilodid is the principal/owner of defendant

MINUTE ORDER - 1

appear to evidence business dealings between plaintiff, a Washington corporation, and Alaska Trading Ltd and/or Ukrkharchprodservice Ltd, both of which have addresses in Keiv, Ukraine. In such materials, defendant Alyaska LDD OOO, a Ukrainian limited liability company ("Alyaska"), is never mentioned. Plaintiff has alleged that Alyaska does business as "Alaska *Trade*, Ltd.," not "Alaska *Trading* Ltd" or "Ukrkharchprodservice Ltd," and the Court is not satisfied, based on the current record, that it has personal jurisdiction over defendant Alyaska. *See Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758 (9th Cir. 1990). In addition, absent some explanation concerning the relationship between the various sales invoices, "proforma" invoices, and bills of lading, the Court cannot conclude that plaintiff's claim is for "a sum that can be made certain by computation." *See* Fed. R. Civ. P. 55(b)(1). Each "proforma" invoice, unlike any of the sales invoices, contains routing information for plaintiff's bank account,[2] thereby indicating a demand for payment. Each "proforma" invoice also identifies one or more related sales order numbers, which do not entirely correlate with the sales invoices for which plaintiff seeks default judgment.[3] Plaintiff does not claim entitlement to the total amounts

---

Alyaska *Trade* OOO d/b/a Alaska Trade, Ltd." *See* Compl. at p.1 (docket no. 1) (emphasis added). Plaintiff's motion for default judgment targets Alyaska Trade OOO, but a supporting declaration states that Bilodid is "the manager of Defendant Alyaska LDD OOO." Bornstein Decl. at ¶ 2 (docket no. 14). Plaintiff has not clearly set forth the name of the entity it has sued or against which it seeks default judgment.

[2] Such financial information should have been redacted to the last four digits pursuant to Local Civil Rule 5.2. Upon discovering that plaintiff's bank account number was publicly disclosed in Exhibit A to the Declaration of Colin Bornstein, docket no. 14-1, the Court directed the Clerk to seal the document. Plaintiff is advised, however, that the materials were likely uploaded, during the interim, by private websites unrelated to and outside the control of the Court, and might now be available to the public for a fee. *See* www.pacermonitor.com; www.law360.com. Plaintiff might wish to take appropriate steps to secure its account. Plaintiff's counsel is DIRECTED to serve a copy of this Minute Order on plaintiff, and to file proof of such service within three (3) days of the date of this Minute Order.

[3] Each sales invoice references a unique sales order number. The "proforma" invoice dated September 6, 2013, and labeled "Hake," references five sales order numbers, only two of which are related to sales invoices as to which plaintiff seeks default judgment. Similarly, the "proforma" invoice dated September 6, 2013, and labeled "salmon proforma," references four sales order numbers, only one of which is associated with a sales invoice that plaintiff asserts is unpaid. The "proforma" invoice dated September 16, 2013, contains three sales order numbers, only two of which appear in sales invoices presented by plaintiff. In contrast, the sales order numbers in a few of the sales invoices submitted by plaintiff do not appear in any of the "proforma" invoices. In particular, sales order numbers 122284, 122412, and 122413, referenced in sales invoices SI121023, SI121637, and SI121647, respectively, do not appear in any "proforma" invoice filed by plaintiff.

set forth in the "proforma" invoices, and does not explain how it calculated the portions that it asserts remain due. Moreover, plaintiff has not provided enough information to enable the Court to match the different bills of lading with the sales invoices that plaintiff claims are still outstanding.

(2)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 31st day of May, 2017.


William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3